CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 23 2009

JOHN F. CORCORAN, CLERK
BY: /s/
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

WILLIAM T. JONES, JR., )
)
    Petitioner, )    Case No. 7:09CV00056
)
v. )
)    **MEMORANDUM OPINION**
)
R. C. MATHENA, WARDEN, )    By: Glen E. Conrad
)    United States District Judge
    Respondent. )

    Petitioner William T. Jones, Jr., a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Jones challenges the validity of his confinement pursuant to the 2006 judgment of the Staunton Circuit Court under which he stands convicted of first degree murder, use of a firearm during the commission of a felony, and possession of a firearm by a felon. Respondent filed a motion to dismiss, and Jones responded, making the matter ripe for decision. Upon review of the record, the court finds that the motion to dismiss must be granted.

Background

    In the fall of 2005, authorities in Staunton, Virginia, brought criminal charges against William T. Jones, Jr., aged 17, related to the shooting death of David Pannill on June 22, 2005. Ultimately, the Commonwealth tried Jones as an adult on the charges of first degree murder and use of a firearm during the commission of a felony. On February 8, 2006, a jury found Jones guilty on both counts. That same day, Jones also pleaded guilty to one count of possession of a firearm by a juvenile previously convicted of a delinquent act that would have been a felony if committed by an adult. By final order entered April 27, 2006, the Staunton Circuit Court sentenced Jones to life imprisonment for the murder conviction, three years imprisonment for the use of a firearm conviction, and two years imprisonment for the possession of a firearm as a convicted felon offense, for a total sentence of life imprisonment plus five years.

Jones appealed his convictions to the Court of Appeals of Virginia. (Record No. 1121-06-3.) The Court denied the appeal for reasons stated in a four-page order dated December 14, 2006. Jones then appealed to the Supreme Court of Virginia, which refused his petition by summary order issued May 21, 2007. (Record No. 062657.)

Jones filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on July 30, 2007. In this state petition, Jones presented all of the claims that he now presents to this court. The Supreme Court of Virginia dismissed the petition by final order dated January 8, 2008. (Record No. 071668.)

Jones filed his timely § 2254 petition in January 2009, alleging the following grounds for relief:

> A. Trial counsel provided ineffective assistance in failing to preserve for appeal an argument that the evidence was insufficient to support petitioner's conviction for first degree murder, because counsel made no motion to strike at the conclusion of all the evidence and made no motion to set aside the verdict;
>
> B. Trial counsel provided ineffective assistance in failing to argue before the trial court the unconstitutionality of the statutory scheme for the sentencing of a juvenile defendant by the trial court rather than by the jurors who adjudicated the defendant's guilt, thus failing to preserve the issue for appeal; and
>
> C. The prosecutor committed prosecutorial misconduct by making misstatements of the evidence during his opening statement and closing arguments, in violation of petitioner's Fourth, Fifth, and Fourteenth Amendment rights.

Case 7:09-cv-00056-GEC-mfu Document 16 Filed 10/23/09 Page 2 of 8 Pageid#: 243

## Discussion

### A. Petitioner's Motion to Strike

Jones argues that the respondent's motion to dismiss must be stricken under Rule 11(a) of the Federal Rules of Civil Procedure, based on the inadequacy of counsel's signature on the pleading. Counsel for the respondent filed the motion to dismiss by signing into the court's electronic filing system under his court-issued login. He submitted the motion with only a "/s/" on the signature line and his typed name, address, and bar number underneath the line.

Rule 11(a) requires, in pertinent part:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a). Section J of the court's administrative procedures governing use of the electronic filing system indicate that the correct format for an attorney's signature on an electronically filed document is "s/ Judith Attorney." Thus, the signature on counsel's submission does not fully comply with the court's procedure, and counsel is advised to conform his signature to the procedure on future submissions. However, as counsel does include the s/ and his name at the end of the document, which he filed through use of his court-issued login, the court does not find that the paper is "unsigned" so as to warrant striking the document under Rule 11(a). Accordingly, Jones' motion to strike is denied.

### B. Procedural Considerations

"A federal court may not grant a writ of habeas corpus to petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Respondent concedes that Jones has exhausted his state court remedies as to all of the claims raised in his § 2254 petition by presenting them to the Supreme Court of Virginia in his state petition for a writ of habeas corpus.

- 3 -

To the extent that the Virginia courts adjudicated Moore's claims on the merits, this court is bound to follow the deferential standard set forth in 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). This section reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). "Where, as here, it is the state court's application of governing federal law that is challenged, the decision must be shown to be not only erroneous, but objectively unreasonable." Waddington v. Sarausad, 129 S. Ct. 823, 831 (2009) (internal quotations and citations omitted).

### C. Ineffective Assistance of Counsel

To prove that counsel's representation was so defective as to require that the conviction be vacated, petitioner must satisfy both prongs of a two-part standard by demonstrating that counsel's defective performance resulted in prejudice. Strickland, 466 U.S. at 687. First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. To do so, petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotations omitted). Counsel has no constitutional duty to raise every non-frivolous issue or argument requested by defendant. Jones v. Barnes, 463 U.S. 745, 754 (1983). Second, to show prejudice, the petitioner must demonstrate a "reasonable probability" that, but for counsel's errors, the outcome would have been different. Id. at 694-95. If it is clear that petitioner has not satisfied one prong of the Strickland test, the court need not inquire whether he has satisfied the other prong. Id. at 697.

-4-

### 1. Failure to Preserve Sufficiency Claim

In Virginia, "[e]very homicide is presumed to be murder in the second degree, the burden resting on the accused to reduce it and on the Commonwealth to elevate it to murder in the first degree." Hodges v. Commonwealth, 191 S.E.2d 794, 795 (Va. 1972). To prove on appeal that the evidence of premeditation was insufficient to support a first degree murder conviction, petitioner must demonstrate that it did not support a rational finding by the jury that the defendant had formed an intent to kill the victim before firing the fatal shot. See Smith v. Commonwealth, 261 S.E.2d 550, 553 (Va. 1980) (to premeditate means to adopt a specific intent to kill, and premeditation is what distinguishes first and second-degree murder). "A design to kill may be formed only a moment before the fatal act is committed provided the accused had time to think and did intend to kill." Giarratano v. Commonwealth, 266 S.E.2d 94, 100 (Va. 1980).

In his state habeas petition, Jones argued, as he does here, that counsel provided ineffective assistance in failing to make the necessary motions to preserve for direct appeal the issue of whether the evidence was sufficient to support his conviction for first degree murder of the victim.[1] Jones points to evidence, including his own testimony, that counsel might have used to support a finding that the evidence did not support a first degree murder verdict: Jones was only out for a drive with a friend; the gun was already in the car and did not belong to him; he perceived the victim's actions and words as an intention to provoke a fight; Jones never intended to kill the victim; the bullet hit the victim in the arm, but then entered the chest to produce the fatal wound; Jones had friends who were members of rival gangs, but had never harmed them; and the rap lyrics about his animosity toward a Crips gang member were solely intended as "entertainment."

---

[1] On direct appeal, Jones challenged the sufficiency of the evidence offered on the first degree murder charge. The Court of Appeals of Virginia dismissed the claim as procedurally defaulted, because Jones had not properly preserved the issue for appeal with a motion to strike and a motion to set aside the verdict.

- 5 -

In dismissing state habeas Claim A, the Supreme Court of Virginia held:

> [C]laim A failed to satisfy the "prejudice" prong of the two-part test enunciated in Strickland, [466 U.S. at 687]. The record, including the affidavit of counsel and the trial transcript, demonstrates that the evidence against petitioner was overwhelming. Two eyewitnesses identified petitioner as the shooter and petitioner admitted shooting the victim. Petitioner openly admitted to witnesses his gang affiliation, stated that he would kill for his gang if necessary, and that once he "beat the charge," he would "drop" another person wearing a blue bandana. While awaiting trial, he wrote letters admitting to killing the victim and asking a friend to bribe a witness to change her testimony and to kill her if she did not comply. He also wrote rap lyrics about killing the victim. . . . Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

(M. Dism. Ex. 6, p.2.)

The court finds no reasonable probability that Jones would have succeeded on an appellate challenge that the evidence was insufficient to support his first degree murder conviction. Jones admitted to the killing. The Commonwealth's theory of first degree murder was that Jones developed sufficient premeditation to kill the victim in a matter of minutes over verbal exchanges between the two young men, who were wearing clothing suggesting affiliation with rival gangs. (Tr. 54-55.) Eyewitness testimony and physical evidence recovered near the scene supported this theory. (Tr. 91-92, 97-101, 112-13, 144-50.) Eyewitnesses also testified that Jones pulled his shirt up over the lower part of his face before shooting the victim. (Tr. 101, 199-200.) A witness testified that Jones openly declared his membership in the Bloods gang and told her that he would kill for the gang "if he had to." (Tr. 212.) This and other evidence supports a finding of premeditation. As Jones thus fails to demonstrate prejudice under Strickland, his ineffective assistance claim fails. 466 U.S. at 697. Finding that the disposition of this claim by the state court is not contrary to, or an unreasonable application of, federal law, the court must grant the motion to dismiss, pursuant to § 2254(d).

### 2. No Challenge to Sentencing Scheme

Jones argued to the Supreme Court of Virginia in habeas proceedings that counsel was ineffective in failing to raise at trial a constitutional challenge to Virginia's sentencing scheme for juveniles tried as adults, which provides for sentencing by the trial court rather than by the

Case 7:09-cv-00056-GEC-mfu Document 16 Filed 10/23/09 Page 6 of 8 Pageid#: 247

jurors who adjudicated guilt.[2] The Court dismissed this state habeas claim under both prongs of Strickland, based on the Supreme Court of Virginia's prior holding that "there is no denial of equal protection in the sentencing provision of [Virginia] Code § 16.1-272, which authorizes the trial court to sentence a juvenile who has been tried as an adult." Ballard v. Commonwealth, 321 S.E.2d 284, 287 (Va. 1984).

Counsel could reasonably have believed that a challenge to the constitutionality of the sentencing scheme would be futile under Ballard and so made a strategic decision to focus on other issues at trial.[3] Therefore, the court concludes that petitioner cannot satisfy the first prong under Strickland. Finding that the disposition of this claim by the state court was neither contrary to, nor an unreasonable application of, federal law, the court must grant the motion to dismiss, pursuant to § 2254(d).

### D. Prosecutor's Misstatements of Evidence

The Supreme Court of Virginia dismissed Claim C in express reliance on Slayton v. Parrigan 205 S.E.2d 680, 682 (1974) (finding that prisoner "is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction"). Under the doctrine of procedural default, a federal habeas court may not review constitutional claims after a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule, absent a showing of cause for the default and resulting prejudice or miscarriage of justice. See Harris v. Reed, 489 U.S. 255, 262 (1989). The United States Court of Appeals for the Fourth Circuit has "repeatedly

---

[2] Counsel raised such a challenge on direct appeal. The Court of Appeals of Virginia dismissed the claim as procedurally barred, based on the defendant's failure to preserve the issue for appeal.

[3] Jones also argues that counsel was ineffective for failing to show good cause for the Court of Appeals of Virginia to invoke the "ends of justice exception" to the procedural rule under which the Court dismissed his appellate claim. Jones does not present any facts or argument on which counsel could successfully have sought review under this exception. Moreover, the Court of Appeals considered this issue and found, on the record, "no reason to apply either the good cause or ends of justice exception" to the procedural default rule. (Order 4, Dec. 14, 2006.) The court cannot find that counsel performed deficiently in failing to bring an argument for which the record offered no support.

- 7 -

recognized that the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (internal quotations omitted). Thus, federal habeas review of Claim C is barred, absent a showing of cause and prejudice or miscarriage of justice. Harris, 489 U.S. at 262. As Jones makes no such showing, the court must grant the motion to dismiss as to Claim C.

## Conclusion

For the stated reasons, the court concludes that the respondent's motion to dismiss must be granted as to all claims. An appropriate order will enter this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 23rd day of October, 2009.

/s/ *signature*
United States District Judge